UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

04 MAR -1 PM 2:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DIRECTV, | ) |
| Plaintiff, | ) |
| vs. | ) CV 03-B-1686-NE |
| WAYNE SHELTON, | ) |
| Defendant. | ) |

ENTERED
MAR - 1 2004

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss, (doc. 4), and his Motion for Summary Judgment, (doc. 5). Plaintiff DIRECTV has sued defendant Wayne Shelton, alleging he illegally intercepted its satellite programming and illegally possessed certain satellite pirating devices, in violation of state and federal law. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 4), is due to be granted, and his Motion for Summary Judgment, (doc. 5), is due to be denied pursuant to Fed. R. Civ. P. 56(f).

### I. STANDARDS

### A. MOTION TO DISMISS

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969);

*International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every reasonable inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS

Plaintiff DIRECTV is a direct broadcast satellite system, which provides television programming to homes and businesses that subscribe to its service and which possess certain hardware. (Doc. 2 ¶ 1.) In order to receive some or all of the programming offered by plaintiff, its subscribers must have a satellite dish, an integrated receiver/decoder ["IRD"], and an access card. (*Id.* ¶ 2.) The access card is also used by plaintiff to limit access to its programming depending on the subscription package purchased by the subscriber. (*Id.* at 4, 9.)

Plaintiff alleges, "Satellite pirates endeavor to circumvent DIRECTV's security measures to gain unlimited access to all DIRECTV programming . . . without paying a fee." (*Id.* ¶ 11.) One method employed by such "pirates" is the creation of devices designed to manipulate access cards to allow unlimited viewing of plaintiff's programming. (*Id.* ¶ 14.) Plaintiff's Complaint alleges that defendant purchased a pirate device, the MK2 Unlooper -

3

SU2, on or about April 6, 2001. (*Id.* ¶ 20.) Plaintiff also alleges that defendant used the pirate device to intercept its programming. (*Id.* ¶¶ 27, 31, 39.)

In support of his Motion for Summary Judgment, defendant filed his affidavit, which states:

> I have never utilized any pirate device for the interception of the satellite signal of the plaintiff DIRECTV, Inc.
>
> I have never aided another person in the interception of the satellite signal of the plaintiff DIRECTV, Inc.
>
> I have never purchased any of the additional equipment necessary to make the MK2 Unlooper-SU2 capable of intercepting the satellite signal of DIRECTV, Inc.
>
> Additionally, I was subscribed to Dish Network at the time that it is alleged that I was surreptitiously intercepting the program signals of DIRECTV, Inc. After canceling my subscription to DIRECTV, Inc. some time in 1999 or 2000, I never re-subscribed to DIRECTV. Thereafter, I either subscribed to local cable providers or Dish Network.

(Doc. 4, Ex. A.)

### III. DISCUSSION

### A. MOTION TO DISMISS COUNT THREE – 18 U.S.C. § 2512(1)(b)

Defendant contends that Count Three of plaintiff's Complaint is due to be dismissed because plaintiff has no private cause of action for a violation of 18 U.S.C.§ 2512. Section 2520(a) provides for the "recovery of civil damages" by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a). The court finds that § 2520 does not provide a remedy for violations of § 2512.

4

As set forth above, § 2520 provides a civil remedy to any person whose communications have been intercepted, disclosed, or used. 18 U.S.C. § 2520(a). Section 2512 prohibits the manufacture, assembly, possession or sale of so-called pirating devices. 18 U.S.C. § 2512(1)(b). To prove a violation of this section, plaintiff does not have to prove that defendant intercepted its communication. Plaintiff contends, in Count Three of its Complaint, that defendant "manufactured, assembled, distributed, sold and/or possessed pirate access devices" in violation of § 2512(1)(b). (Doc. 2 ¶ 35.) The issue, therefore, is whether § 2520, which provides a private right of action based on illegal "interception or use" of a wire, oral, or electronic communication, also provides a private right of action based on allegations that a defendant manufactured, assembled, distributed, sold or possessed a pirate access device.

Although there is some disagreement among courts, *see DIRECTV, Inc. v. Childers*, 274 F Supp. 2d 1287, 1289 (M.D. Ala. 2003) and cases cited therein,[1] this court agrees with that line of authority that has found that § 2520 does not create a private right of action for

---

[1] The court notes that this court is apparently divided on the issue of whether DIRECTV claims under § 2512, based on allegations of mere possession of pirating devices, are due to be dismissed on the ground that § 2520 does not provide a private cause of action for § 2512 violations. *Compare DIRECTV, Inc. v. Agee*, CV 03-J-0770-NE, doc. 32 at 4-5 (N.D. Ala. Nov. 23, 2003)(J. Johnson)(dismissing § 2512 claim on ground § 2520 did not provide a private cause of action for mere possession of a pirating device) and *DIRECTV v. Herring*, CV 03-P-1902-S, doc. 13 (N.D. Ala. (Dec. 2, 2003)(J. Proctor)(same) *with DIRECTV, Inc. v. Milton*, CV 03-C-0769-NE, doc, 17 (N.D. Ala. Sept. 15, 2003)(C.J. Clemon)(stamp ruling denying Motion to Dismiss); *DIRECTV, Inc. v. Alexander*, CV 03-CO-2264-NE, doc. 12 (N.D. Ala. Nov. 14, 2003)(J. Coogler)(order denying Motion to Dismiss without discussion of the § 2520 issue) and *DIRECTV, Inc. v. Curtis*, CV 03-H-2952-J, doc. 9 (Jan. 16, 2004)(S.J. Hancock)(stamp ruling denying Motion to Dismiss).

violations of § 2512. *Id.* "[M]ere proof of possession of 'pirating' equipment may establish a violation of the criminal statute [§ 2512], but [it] cannot support a civil action for damages." *DIRECTV, Inc. v. Childers*, 274 F Supp. 2d 1287, 1289 (M.D. Ala. 2003). Such interpretation of § 2520 is commonsensical.

The individual in whose favor § 2520 was intended – the individual whose communications are intercepted – is not injured by another person's manufacture of or possession of a pirate device. Although Congress may have chosen to punish criminally the manufacture and possession of pirate devices without a showing of injury, it did not chose to allow a private individual to sue civilly those persons manufacturing or possessing a pirate device unless such individual was harmed, such as when the pirate device has been used to intercept the individual's communications.

Because Count Three of plaintiff's Complaint is based on plaintiff's allegations that defendant manufactured and possessed a pirate device, and not that he intercepted plaintiff's communications, the court finds that Count Three of plaintiff's Complaint fails to state a claim for which relief may be granted. Therefore, defendant's Motion to Dismiss will be granted as to Count Three, and Count Three will be dismissed with prejudice.

## B. MOTION FOR SUMMARY JUDGMENT – COUNTS ONE, TWO, AND FOUR

Defendant contends that he is entitled to judgment as a matter law as to Counts One, Two, and Four of plaintiff's Complaint because he did not and he could not use the pirate device to actually intercept any of plaintiff's programming. Counts One, Two, and Four of plaintiff's Complaint allege state and federal claims based on defendant's illegal interception

of plaintiff's satellite programming. Plaintiff argues that summary judgment is not appropriate as to these claims because defendant has conceded that there is a disputed issue of material fact and because it has not had adequate time to conduct additional discovery.

Plaintiff contends, "In the present action, defendant *fatally* concedes that '[v]iewing the facts in the light most favorable to the plaintiff would create an issue of material fact[.]'" (Doc. 7 at 3 (quoting doc. 4 ¶ 6)(emphasis added).) In its opposition, plaintiff omitted the highlighted portions of defendant's argument, which are set forth below; defendant argues:

> Viewing the facts in the light most favorable to the plaintiff would create an issue of material fact *with regard to this [d]efendant's possession of the alleged pirate access device. However, mere possession of the pirate access device is not sufficient to establish that Shelton intercepted the plaintiff's satellite programming*.

(Doc. 4 ¶ 6.)(emphasis added, original emphasis deleted) When the highlighted portions of defendant's statements are considered, the court finds defendant has not conceded that a material issue of fact exists. Indeed, defendant's argument is that, for purposes of summary judgment, his possession of the pirate device is established, but that such possession alone is not sufficient to support a reasonable inference that he actually used the pirate device to intercept plaintiff's programming.

In order to survive summary judgment, plaintiff "need not produce direct evidence to establish that a communication was received or intercepted, but [it] may rely upon circumstantial evidence to do so." *DIRECTV, Inc. v. Beauchamp*, No. 2:02-CV-200, 2004 WL 302346, at *7 (W.D. Mich. Feb. 2, 2004)(citing *Walker v. Darby*, 911 F.2d 1573, 1578 (11th Cir. 1990)). Defendant's mere possession of a pirate device is not sufficient

circumstantial evidence to support a finding that the defendant received or intercepted plaintiff's signal. *DIRECTV, Inc. v. Karpinsky*, 269 F. Supp. 2d 918, 926 (E.D. Mich.), *vacated* 274 F. Supp. 2d 918 (E.D. Mich. 2003)(court order granting defendant's motion for summary judgment was vacated after plaintiff presented additional circumstantial evidence that defendant had the necessary hardware to intercept plaintiff's programming). "Rather, the plaintiff must produce circumstantial evidence sufficient to support the conclusion that there was an actual interception." *Beauchamp*, No. 2:02-CV-200, 2004 WL 302346, at *8.

Plaintiff argues, "defendant concedes purchase of the pirate access device and his being a *former* DIRECTV customer, which would necessarily entail the possession of all the hardware necessary to receive DIRECTV's satellite transmissions." (Doc. 7 at 3-4.)(emphasis added) The evidence before the court is that plaintiff cancelled his subscription to DIRECTV programming in 1999 or 2000, (doc. 4, Ex. A); plaintiff alleges defendant purchased the pirate device in April 2001, (doc. 2 ¶ 20). This evidence does not "necessarily" support an inference that he had the hardware and the necessary access card required to intercept plaintiff's programming. Further, the court finds that evidence of defendant's former subscription for plaintiff's programming and of his subsequent purchase of a pirate device is insufficient circumstantial evidence to support a finding that defendant used the pirate device to intercept plaintiff's programming.

In its opposition to defendant's Motion for Summary Judgment, plaintiff alleges that it needs discovery to "secure further evidence in support of its claims." (*Id.* at 4.)

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). This rule may be invoked "where the nonmoving party has not had the *opportunity* to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). "[Rule] 56(f) allows courts to defer ruling on summary judgment motions until the non-moving party has been able to conduct all necessary discovery." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000). "This Court is charged with a duty under Rule 56(f) to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment." *Hickman v. Wal-Mart Stores, Inc.*, 152 F.R.D. 216, 223 (M.D. Fla. 1993), *aff'd*, 58 F.3d 640 (11th Cir. 1995). "The grant or denial of a continuance is within the sound discretion of the trial court." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989).

The court notes that the parties have not had the opportunity to conduct any discovery as any issue, including whether defendant actually intercepted plaintiff's communication. Therefore, pursuant to Fed. R. Civ. P. 56(f), defendant's Motion for Summary Judgment will be denied. However, the court's denial of defendant's Motion for Summary Judgment is without prejudice to defendant's right to re-file his Motion after plaintiff has had sufficient time to conduct the necessary discovery.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Count Three of plaintiff's Complaint fails to state a claim for which relief may be granted. Therefore, defendant's Motion to Dismiss, (doc. 4), will be granted and Count Three will be dismissed. Defendant's Motion for Summary Judgment, (doc. 5), will be denied without prejudice. An order granting defendant's Motion to Dismiss and denying his Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 1st day of March, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge